UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 06-Cr-158-pp

PERRIS D. CANNADAY-BEY,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. 79)**

On November 21, 2007, Judge Charles N. Clevert, Jr. sentenced the defendant to serve a term of 135 months imprisonment and three years of supervised release on one count of possessing five grams or more of crack cocaine. Dkt. Nos. 34, 36. On March 25, 2015, Judge Clevert reduced that sentence to 108 months, under 18 U.S.C. §3582(c)(2). Dkt. No. 77. The defendant's term of supervised release started on December 3, 2015, and he is scheduled to discharge on December 2, 2018. Dkt. No. 81 at 1.

On May 31, 2017, the court received from the defendant a pro se motion, asking the court to terminate his supervised release about a year early. Dkt. No. 79. The Clerk's Office reassigned the case to this court on August 1, 2017 (in light of Judge Clevert's retirement), and the U.S. Attorney's Office and the probation department responded to the motion as directed by this court.

In its response, the probation office has provided the court with some of the facts that the defendant omitted. Probation explains that the defendant

1

started talking to his probation officer about early termination only two months after his supervised release began. Dkt. No. 81 at 2. The probation officer explains that the defendant wants to open his own convenience store; he has worked two jobs to earn the money to make improvements to the property, and has met with the Common Council and his alderman, but that he does not yet have a license to open the store. Id. While the defendant has cooperated with probation in providing his paycheck stubs from his two jobs, he has not been as forthcoming with financial information such as bank account information or expense information. Id.

The defendant had cancer surgery in April 2016, and the probation officer notes that he has taken in stride the resulting incontinence. But that problem has prevented him from being able to submit urine screens on demand. Id. Probation explained that the reasons the defendant has provided for why he wants his supervised release to terminate early are that he is under a good deal of stress due to struggles in his life, and that he believes that being on supervision is affecting his ability to get Common Council approval to open the store. Id.

Probation has positive things to say about the defendant. He is stable in terms of residence and employment; he has complied with his supervised release conditions (other than fully completing his monthly reports and providing financial information); and he has made positive strides in reintegrating into society and coping with his medical issues. Id. at 3. He has put in hard work toward his goal of opening his own convenience store. Id. He

also has made strides in his drug and alcohol rehabilitation. Id. at 4. Although the probation office opines that the defendant has not gone above and beyond the conditions imposed on him by Judge Clevert, the office takes no position on whether the court should terminate the defendant's supervised release early. Id. at 3-4.

Similarly, the government acknowledges that the defendant has done well on supervision. Dkt. No. 80 at 1. Like the probation department, however, the government opines that the defendant has not done exceptionally well, and points out that it is a defendant's burden when seeking early termination of supervised release to show that he has done exceptionally well, or that complying with the terms of supervised release poses an undue hardship. In support of this contention, the government cites United States v. O'Hara, 2011 WL 4356322 at *3 (E.D. Wis. Sept. 16, 2011). The government notes that in his motion, the defendant did not say anything about supervised release being a burden to him. Id.

Section 3583(e)(1) of Title 18 indicates that a court may terminate a defendant's supervised release after he has served at least one year, if the court is satisfied that early termination is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. §3593(e)(1). As the government notes, defendants generally must show exceptional circumstances to support early termination—something more than complying with the supervised release term (which is what the law requires of everyone on supervised release). The court applauds the defendant's compliance with the terms of his supervised release

3

and his hard work, as well as his efforts toward opening a convenience store and gaining custody of his son. These are great goals for the defendant to have, and it is very good that the defendant has been working toward them. The court will not grant the defendant's request at this time, but it is willing to allow the defendant to renew his request in a few months. If the defendant renews his request, the court expects to see that he has been cooperative with his probation officer in completing his monthly reports, and in providing the financial information that the probation officer requests. If he decides to renew his request in a few months, the defendant also should explain what he has been doing to go above and beyond complying with the terms of his supervised release, and should explain why continuing to comply with those conditions would be an undue burden on him. The court understands that the defendant provided a legal brief in support of his motion; what the defendant needs to provide next time is an explanation of what he has been doing, and why he needs early termination. The court encourages the defendant to continue his good efforts.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for early termination of supervised release. Dkt. No. 79.

Dated in Milwaukee, Wisconsin this 20th day of September, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**