UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

PERRIS CANNADAY-BEY,

          Defendant.

Case No. 06-cr-158-pp

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 83)**

      The defendant, in his early fifties, pled guilty to possessing five grams or more of crack. Judge Clevert originally sentenced him to serve a sentence of 135 months in custody, followed by three years of supervised release. In March of 2015, Judge Clevert reduced the prison sentence to 108 months under Amendment 782. The defendant started his term of supervised release on December 3, 2015—two years and two and a half weeks ago.

      On May 31, 2017, the court received the defendant's request for early termination of his supervised release. Dkt. No. 79. At that time, he'd been on supervised release for about a year and a half. Both probation and the government agreed that he'd done some good things during that time—working toward opening his own convenience store, restoring his relationship with his son, dealing with a very severe illness, working two jobs, maintaining a stable residence. They expressed a few concerns, however. First, the defendant did not actually have a license yet to open his store. Second, he had not been

cooperative with probation in turning over his financial records—in particular, it wasn't clear where he got the money to renovate the space for the proposed convenience store. The defendant had not explained in his motion why continuing on supervised release constituted a hardship to him. And the government expressed concern that he'd committed a serious offense at an age when one would have expected him to have aged out of criminal conduct.

The court denied the defendant's request for early termination, but without prejudice. Dkt. No. 82. It applauded the defendant for all the positive strides he'd made. It gave him the opportunity to renew his request "in a few months," and told him that if he decided to do that, he needed to give the court an explanation of what he'd been doing to go "above and beyond" simply complying with his supervised release conditions. He also needed to explain why complying with those conditions constituted a hardship to him. Id.

The court issued that order on September 20, 2017. A month and a half later, on November 2, 2017, the court received this second motion for early termination of supervised release. Dkt. No. 83. In this second motion, the defendant says that he now has provided his probation officer with all of his monthly reports and all of the information about his financial status. He says he's now opened his convenience store, and still is working another full-time job as well. He says he plans to hire an employee to help in the store in the future; right now, he is doing all of the cleaning and stocking. He says he has been leading a productive lifestyle. He directed the court to an October 14, 2017 article in the Milwaukee Journal Sentinel, describing the dedication on

that date of the Milwaukee Art Project's "Quilt of Healing" mural. https://www.jsonline.com/story/news/2017/10/14/artists-collective-formed-wake-sherman-park-unrest-unveils-its-first-mural/764868001/ The article indicates that the forty-two-foot mural by Ammar Nsorama was painted on a canvas donated by the defendant, who is described as the owner of Londyn Foods at 3135 W. Lisbon Avenue; this is the defendant's convenience store. (The Milwaukee Art Project is an arts group formed in response to the Sherman Park violence.)

In response to the court's instruction that he explain why being on supervised release constituted a hardship for him, the defendant says that his "time is very limited as he is working a full-time job along with running his store." Dkt. No. 83 at 2.

Probation confirms that the defendant now has provided his personal and business financial information. Dkt. No. 85 at 2-3. It reports that he continues to test negative on his urine screens, and confirms that his store is open and that he hopes (once he gets the license) to sell hot food there. While noting that the defendant's actions have not gone "above and beyond" complying with the conditions of his release, probation takes no position on whether the court should grant the defendant's request. Probation does note that the defendant's monitoring level will be reassessed in June 2018. Id.

The government again acknowledges that the defendant is doing well. Dkt. No. 86. The government remains concerned, however, that neither probation nor the government has any information about where the defendant

got the $30,000 he told the licensing committee he used to install a kitchen in his store. The government also is concerned that the defendant's offense of conviction was a serious one, and that it followed three other felony drug convictions in his forties and a string of other convictions. The government noted that, at the time it wrote its letter, the defendant had only eleven months left on supervision, and that he'd still not explained why supervision constituted a hardship for him. Id.

It is clear to this court that the defendant read the court's prior order, and tried to do what the court asked him to do. He didn't submit a long legal memo this time—he confined himself to explaining what he'd been doing in the forty-five days since the court denied his last motion. The defendant's generosity and community service in donating a canvas for the "Quilt of Healing" mural, and allowing the Milwaukee Arts Project to put the mural on the wall of his store, shows that he wants to be a part of the solution to the problems his community faces. The court commends the defendant for his part in that project, and in the effort to combat hate and violence in Milwaukee.

It remains unclear to the court why supervision is a hardship. The defendant says he is busy (and clearly he is), but many people on supervised release are busy. Frankly, when the court told the defendant in its last order that he could renew his request "in a few months," the court *meant*, "in a few months," not in a month and a half. The reason the court said "in a few months" was because it wanted to see if the defendant was able to get his store fully operational, to provide all financial information (including information

about how he funded renovations to his store), and to log a few more negative urine screens.

The defendant is scheduled for a review of his supervision level in June of 2018. By that time, he will have served 2.5 years of his three-year supervised release term. If, by the time of that review, the defendant has (a) provided probation with information about how he funded the renovations for his store, (b) had no positive urine screens, (c) continued to maintain a stable residence and his employment, and (d) had no further violations, the court will grant his request to terminate his supervised release early.

The court **DENIES WITHOUT PREJUDICE** the defendant's second motion for early termination of supervised release. Dkt. No. 83.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**